# EXHIBIT A

# EXHIBIT A


## CT Corporation

**Service of Process Transmittal**
07/03/2013
CT Log Number 523046456

**TO:** Michael Johnson, Legal Assistant
The Hartford
690 Asylum Avenue, Ho-1-09
Hartford, CT 06105-3845

**RE:** Process Served in Arizona

**FOR:** Hartford Casualty Insurance Company (Domestic State: IN)

CP0010069245

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | White Mountain Communities Hospital, Inc., etc., Pltf. vs. Hartford Casualty Insurance Company, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Apache County - Superior Court, AZ<br>Case # CV2013117 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for property damage resulting from fire on 05/29/2013 have been denied |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/03/2013 postmarked: "Illegible" |
| **JURISDICTION SERVED:** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | Kimberly A. Kent<br>Kent & Bechtel, P.L.L.C.<br>3101 N. Central Avenue<br>Suite 1150<br>Phoenix, AZ 85012<br>602 264 5600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/03/2013, Expected Purge Date: 07/08/2013<br>Image SOP<br>Email Notification, Michael Johnson MICHAEL.JOHNSON@THEHARTFORD.COM<br>Email Notification, Massimo Fraschilla Massimo.Fraschilla@thehartford.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Issis Gonzalez |
| **ADDRESS:** | 2390 E. Camelback Road<br>Phoenix, AZ 85016 |
| **TELEPHONE:** | 602-381-9104 |

**LAW DEPARTMENT**

**JUL 05 '13**

**RECEIVED**

Page 1 of 1 / DT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

```
                                                        FILED
                                                DOCKETED BY: ___

                                                2013 JUN -4 PM 3:18

                                                  SUE HALL, CLERK
                                              APACHE COUNTY SUPERIOR COURT
```

Kimberly A. Kent, #014504
David J Klink, #029107
KENT LAW GROUP PLLC
341 E. Camelback Road, Ste. 100
Phoenix, Arizona 85012
(602) 264-5600
klg@klgaz.com
Attorneys for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF APACHE

| | |
|---|---|
| WHITE MOUNTAIN COMMUNITIES HOSPITAL, INC., d/b/a WHITE MOUNTAIN REGIONAL MEDICAL CENTER, an Arizona Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, a foreign insurance company; JOHN and JANE DOES I-X; BLACK & WHITE PARTNERSHIPS I-X: and ABC CORPORATIONS I-X;<br><br>Defendants. | CASE NO. **CV 2013 - - 117**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, White Mountain Communities Hospital, Inc., d/b/a White Mountain Regional Medical Center (hereinafter "WMRMC"), by and through counsel undersigned, hereby demands a trial by jury in the above-captioned matter, of all issues so triable, all in accordance with Rule 38(b), Arizona Rules of Civil Procedure.

Dated this __4__ day of June, 2013.

KENT LAW GROUP PLLC

By _____
Kimberly A. Kent
David J. Klink
341 E. Camelback Road, Suite 100
Phoenix, Arizona 85012
Attorneys for Plaintiff

```
                                              FILED
                                       DOCKETED BY:_____

                                       2013 JUN -4 PM 3:18

                                            SUE HALL, CLERK
                                       APACHE COUNTY SUPERIOR COURT
```

Kimberly A. Kent, #014504
David J Klink, #029107
KENT LAW GROUP PLLC
341 E. Camelback Road, Ste. 100
Phoenix, Arizona 85012
(602) 264-5600
klg@klgaz.com
Attorneys for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF APACHE

| | |
|---|---|
| WHITE MOUNTAIN COMMUNITIES HOSPITAL, INC., d/b/a WHITE MOUNTAIN REGIONAL MEDICAL CENTER, an Arizona Corporation,<br><br>Plaintiff,<br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, a foreign insurance company; JOHN and JANE DOES I-X; BLACK & WHITE PARTNERSHIPS I-X; and ABC CORPORATIONS I-X;<br><br>Defendants. | CASE NO. **CV2013--117**<br><br>**CERTIFICATE RE COMPULSORY ARBITRATION** |

Plaintiff, White Mountain Communities Hospital, Inc., d/b/a White Mountain Regional Medical Center (hereinafter "WMRMC"), by and through counsel undersigned, hereby certifies that this case is not subject to the Arizona Rules of Civil Procedure for Arbitration.

Dated this __4__ day of June, 2013.

KENT LAW GROUP PLLC

By _____*David Klink*_____
Kimberly A. Kent
David J. Klink
341 E. Camelback Road, Suite 100
Phoenix, Arizona 85012
Attorneys for Plaintiff

Kimberly A. Kent, #014504
David J Klink, #029107
KENT LAW GROUP PLLC
341 E. Camelback Road, Ste. 100
Phoenix, Arizona 85012
(602) 264-5600
klg@klgaz.com
Attorneys for Plaintiff

STATE OF ARIZONA
DEPT. OF INSURANCE
JUN 2 7 2013
TIME US mail
SERVICE OF PROCESS

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF APACHE

| | |
|---|---|
| WHITE MOUNTAIN COMMUNITIES HOSPITAL, INC., d/b/a WHITE MOUNTAIN REGIONAL MEDICAL CENTER, an Arizona Corporation,<br><br>Plaintiff,<br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, a foreign insurance company; JOHN and JANE DOES I-X; BLACK & WHITE PARTNERSHIPS I-X; and ABC CORPORATIONS I-X;<br><br>Defendants. | CASE NO. CV2013--117<br><br>SUMMONS |

**FROM THE STATE OF ARIZONA TO THE DEFENDANT:**

**Hartford Casualty Insurance Company**
**c/o Arizona Director of Insurance**
**2910 North 44th Street, 2nd Floor**
**Phoenix, AZ 85018**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona – whether by direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear,

answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; ARS §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. RCP 10(d); ARS §12-311; RCP 5.

The name and address of plaintiffs' attorney is:

    Kimberly A. Kent
    KENT LAW GROUP, PLLC
    341 E Camelback, Suite 100
    Phoenix, Arizona 85012

SIGNED AND SEALED this date: 6-4-13

    SUE HALL, CLERK

    By _____
        Deputy Clerk

Kimberly A. Kent, #014504
David J Klink, #029107
KENT LAW GROUP PLLC
341 E. Camelback Road, Ste. 100
Phoenix, Arizona 85012
(602) 264-5600
klg@klgaz.com
Attorneys for Plaintiff

FILED
DOCKETED BY:
2013 JUN -4 PM 3: 20
SUE HALL, CLERK
APACHE COUNTY SUPERIOR COURT

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF APACHE

| | |
|---|---|
| WHITE MOUNTAIN COMMUNITIES HOSPITAL, INC., d/b/a WHITE MOUNTAIN REGIONAL MEDICAL CENTER, an Arizona Corporation,<br><br>Plaintiff,<br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, a foreign insurance company; JOHN and JANE DOES I-X; BLACK & WHITE PARTNERSHIPS I-X; and ABC CORPORATIONS I-X;<br><br>Defendants. | CASE NO. CV 2013 - 117<br><br>**PLAINTIFF'S COMPLAINT** |

Plaintiff, White Mountain Communities Hospital, Inc. d/b/a White Mountain Regional Medical Center an Arizona Corporation, by and through counsel undersigned, for its claims against Defendant, allege and assert as follows:

1. Plaintiff is an Arizona corporation doing business as White Mountain Regional Medical Center with principal place of business within the geographical boundaries of Apache County Arizona.

2. At all relevant times to this pleading, Defendant, Hartford Casualty Insurance Company was incorporated as a foreign insurance company doing business in the State of Arizona and holding itself out to the public as an insurance company.

3. Does I-X, Black & White Partnerships 1-X and ABC Corporations I-X are persons, agents, servants, employees, corporations, business entities or partnerships whose true names are not known to Plaintiff at the present time. Plaintiff alleges upon information and belief that Does I-X are citizens and residents of the State of Arizona, that Black & White Partnerships I-X are believed to do business within the State of Arizona and that ABC Corporations I-X are believed to do business within the State of Arizona.

4. Each of these Defendants were responsible, in whole or in part, for the injuries to Plaintiff and their true names will be ascertained through the course of discovery and Plaintiff will seek leave to amend when such true names are known.

5. Alternatively, Black & White Partnerships and ABC Corporations employed one or more of said Defendants who were acting within the course of their employment at all times material hereto. When the true names of such persons, servants, employees, corporations or business entities are known to Plaintiff it will ask leave of the Court to amend the Complaint to reflect such true names, together with appropriate charging allegations.

6. All Defendants identified as business organizations in this pleading were at all relevant times acting through their officers, employees, agents, and contractors who were acting within the course and scope of their employment and authority such

that these business organizations are bound by and vicariously liable for the conduct of their officers, employees, agents and contractors.

7. At all times relevant to this cause of action, Defendants John and Jane Does 1-10 were persons which may have caused the events complained of to occur within the State of Arizona.

8. All events complained of occurred in Apache County, Arizona. The amount in controversy exceeds the minimum jurisdictional amount for Apache County Superior Court jurisdiction.

9. This Court has subject-matter jurisdiction over this matter and personal as Defendant has developed minimum contacts within Arizona sufficient to require them to defend this suit in the State of Arizona.

10. Venue for this action is proper in Apache County, Arizona because Plaintiff is a resident of Apache County and Defendant entered into a written contract with Defendant to insure Plaintiff.

### General Allegations for all Claims for Reliefs

11. Plaintiff operates a hospital in Springerville, Arizona and entered into a contract for insurance with Defendant on or about April 1, 2012.

12. Pursuant to the contract terms, defendant was required to pay for business interruption loss occasioned by a covered loss as well as employee salary continuation and property losses.

13. The Wallow Fire, the largest wildfire in the recorded history of the State of Arizona, began on or about May 29, 2011 near Plaintiff's hospital.

14. On June 3, 2011 Plaintiff declared a state of emergency and implemented a disaster plan as smoke levels exceeded hazardous levels causing substantial property damage and ongoing damage to the Plaintiff's business operations resulting from the emergency and loss of revenues.

15. Plaintiff's business remained closed from June 3, 2011 until June 13, 2011 and received its first admission on June 15, 2011.

16. From June 3, 2011 until the fire was contained the hospital incurred smoke and other physical property damage as a result of the fire.

17. As a result, of the devastation caused by the Wallow fire, Plaintiff continued to suffer significant reduction to business revenues through at least April 30, 2012.

18. The contract for insurance between Plaintiff and Defendant provides coverage for the reduced revenue caused by the fire.

19. In addition to the loss in revenue, Plaintiff suffered payroll losses resulting from the shutdown and evacuation of the town of Springerville, Arizona and the discharge of hospital employees.

20. Plaintiff's employees were forced to consume paid time off benefits instead of continuation in payroll.

21. The contract for insurance provides for salary continuation benefits resulting from a covered loss.

22. On July 7, 2011 Plaintiff sent initial loss documentation to defendant notifying defendant of the impending claim.

23. Throughout the next 12 months, Plaintiff continued to send defendant updated loss documentation calculated from the business income loss sustained by Plaintiff and caused by the fire.

24. Plaintiff provided timely notice and evidence of physical damage to the hospital.

25. Defendant made interim, partial, and sporadic payments for this claim only after Plaintiff made repeated demands for payment.

26. Defendant failed to fully compensate Plaintiff for the salary continuation losses, business interruption losses and other losses.

27. To date, Defendant has paid only partial coverage for a documented loss that exceeds $1 million dollars.

28. On or about June 3, 2012 Defendant issued a partial denial letter for further payments for Plaintiff's losses caused by the Wallow Fire and failed to provide any reasonable explanation for their decision to deny full coverage.

29. The hospital made repeated efforts to resolve the demand for insurance reimbursement.

30. On March 29, 2013 the Hartford provided written partial explanation of its denial but has never provided any accounting or response to other demands such as payroll losses.

31. The hospital has worked diligently and reasonably to cooperate with Defendant including but not limited to payment of all premiums on the contract of insurance.

## COUNT I
### (Breach of Contract)

32. Plaintiff re-alleges and incorporates by reference all of the allegations and paragraphs of this pleading as if fully set forth herein.

33. Defendant's failure to timely make payment for the covered losses payments violates the contract for insurance and is a material breach of contract.

34. As a result of the breach Plaintiff has sustained substantial and irreparable harm resulting from Defendant's breach of contract bringing the Plaintiff to the brink of closure.

35. The full amount of Plaintiff's damages will be determined by the fact finder.

## COUNT II
### (First Party Bad Faith)

36. Plaintiff re-alleges and incorporates by reference all of the allegations and paragraphs of this pleading as if fully set forth herein.

37. Defendant denied full payment of the claim without a reasonable basis for doing so even after receiving an accounting of the full extent of Plaintiff's loss and all supportive documentation.

38. Defendant has continually delayed payment of the full amount of compensation owed to the Plaintiff for its covered loss.

39. Defendant knew it acted without a reasonable basis in denying full payment and delaying interim payments for this claim.

40. Defendant failed to perform an adequate investigation and evaluation of this claim in support of their denial of full payment and delay of interim payments

41. Defendant failed to timely notify the Plaintiff of denial of payment instead falsely represented that it would make additional payment aggravating the damages.

42. Plaintiff has sustained substantial and irreparable harm resulting from Defendant's breach. The uncompensated loss and delay of interim payments resulted in decreased cash flows. Defendant's delay in payment brought the hospital to the brink of closure in a critically underserved health care region.

43. Defendant caused damages to Plaintiff in the amount to be determined at trial including treble damages as allowed by law.

## COUNT III
### (Unjust Enrichment)

44. Plaintiff re-alleges and incorporates by reference all of the allegations and paragraphs of this pleading as if fully set forth herein.

45. Plaintiff entered into an express contract for insurance with Defendant

46. Defendant received the benefit of Plaintiff's payment of the policy premiums for the policy period in exchange for the agreement to provide insurance coverage as defined in the policy.

47. Defendant failed to fully compensate the Plaintiff for its covered loss and wrongfully delayed interim payments.

48. It is inequitable and unconscionable that Defendant would receive the benefit of Plaintiff's payment of the policy premiums without providing the full amount of insurance coverage Plaintiff is entitled to pursuant to the contract for insurance.

49. Defendant unjustly enriched itself by accepting the Plaintiff's policy premiums and failing to provide the full insurance coverage as described in the insurance contract.

-7-

## COUNT IV
### (Punitive Damages)

50. Plaintiff re-alleges and incorporates by reference all of the allegations and paragraphs of this pleading as if fully set forth herein.

51. Defendant knew that the contract for insurance required them to pay additional compensation to Plaintiff in accordance with the contracts terms

52. Instead of honoring the contract and providing coverage Defendant acted to serve its own selfish private financial and other interests.

53. Defendant delayed interim payments causing Plaintiff to experience a cash flow crisis and only releasing interim funds when Plaintiff was on the brink of closure

54. Delaying interim payments and outright refusal to honor the contract for insurance

55. The delay of interim payments and denial of full payment for this claim was aggravated, outrageous and malicious because Defendant understood the drastic affect the denial and delay of interim payments of this claim would have on Plaintiff's business operations.

56. Defendant's intentional delay and misrepresentation that full coverage would be provided is an aggravating factor.

57. Plaintiff is entitled to punitive damages.

**PRAYER FOR RELIEF**

Wherefore Plaintiff prays for the following relief:

1. Monetary damages resulting from the lost profits, revenues and damage to credit reputation associated with defendant's breach of contract;

2. Unpaid benefits under the terms of the insurance policy;

-8-

3. Reasonable attorney's fees and costs of suit;

4. Punitive damages for Defendant's willful and outrageous conduct in an amount to be determined at trial;

5. Any and all other amounts allowed pursuant to the insurance policy;

6. For such other and further relief as the Court deems just and proper.

Dated this __4__ day of June, 2013.

                          KENT LAW GROUP PLLC

                          By _____David Klink_____
                                Kimberly A. Kent
                                David J. Klink
                                341 E. Camelback Road, Suite 100
                                Phoenix, Arizona 85012
                                Attorneys for Plaintiff







ARIZONA DEPARTMENT OF INSURANCE
2910 North 44th Street, Suite 210
Phoenix, Arizona 85018-7269

CERTIFIED MAIL
7010 1060 0002 4017 8465

HARTFORD CASUALTY INS CO
CT CORPORATION
2390 EAST CAMELBACK RD
PHOENIX AZ 85016
CV2013117

## DECLARATION

Kristina N. Holmstrom, upon her oath, states as follows:

1.  I am an attorney in the law firm of Lewis and Roca LLP and am one of the attorneys representing the defendant in this matter.

2.  On July 24, 2013, paralegal Michell Denman, of my office and under my supervision, reviewed and printed the Superior Court docket.

3.  Exhibit A consists of true and complete copies of all pleadings and other documents filed in the state court proceeding entitled, White Mountain Communities Hospital, Inc., d/b/a White Mountain Regional Medical Center v. Hartford Casualty Insurance Company, Apache County Superior Court, CV2013-117.

4.  I declare under penalty of perjury that the foregoing is true and correct.

DATED this 25th day of July, 2013.

_____
Kristina N. Holmstrom

3628085.1